## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JAIME RUIZ–MONTES,

        **Movant,**

        **v.**

UNITED STATES OF AMERICA,

        **Respondent.**

**CASE NOS. 2:13-CR-21(2) / 2:18-CV-904**
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge Kimberly A. Jolson**

### REPORT AND RECOMMENDATION

Movant, a federal prisoner, moves this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Doc. 165.)  Respondent moved to dismiss the motion to vacate (Doc. 167), and Movant filed a Response to that motion (Doc. 169.)  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Movant's ineffective assistance of counsel claims be **DENIED**, that Movant's claims for relief under the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194 ("the FSA") be **DENIED without prejudice**, and that this federal habeas action be **DISMISSED**.

### Background

On November 5, 2013, Movant was convicted after a jury trial of one count of conspiracy to possess with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846, and one count of possession with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(1).  (Doc. 131.)  Because of a prior possession conviction, Movant's sentence was subject to enhancement pursuant to 21 U.S.C. § 851.  (*Id*.; Doc. 145, at PAGE ID # 986.)  On May 20, 2014, the Court sentenced Movant to a term of 240 months of imprisonment for each count to be served concurrently, followed by a 10-

year term of supervised release for each count to be served concurrently.  (Doc. 131.)  Although Movant appealed, on September 10, 2015, the Sixth Circuit Court Appeals affirmed this Court's judgment.  (Doc. 149.)  Movant sought to appeal the Court of Appeals' determination, but on February 21, 2017, the United States Supreme Court entered an Order denying Movant's petition for a writ of certiorari.  (Doc. 156.)

On January 30, 2018, Movant executed a document indicating that he had been held in a special housing unit since August 5, 2017; that he did not have access to his documents since they had been packed by prison officials on August 29, 2017; and requesting an extension of time to file a motion to vacate under § 2255.  (Doc. 161.)  On February 26, 2018, the Court noted that Movant failed to indicate the nature of his claims, the length of the extension of time that he sought, or further describe the reason for his delay.  (Doc. 162.)  The Court directed the Clerk of Court to provide Movant with a copy of the standard form for filing a motion to vacate and indicated that Movant had fourteen days to submit a completed form identifying the nature of his claims.  (*Id.*) The Court expressed no opinion as to whether Movant's claims were already time-barred.  (*Id.*).

On March 15, 2018, Movant executed another document indicating that although he had received the Court's February 26, 2018, Order on March 6, 2018, he remained in a special housing unit.  (Doc. 163.)  Movant also indicated that even though he had access to a pencil, he did not have access to a computer or a pen, he did not read or write in English, and he needed to have documents translated from Spanish.  (*Id.*)  Movant again asked for an extension of time to file a motion to vacate.  (*Id.*)  On May 23, 2018, the Court denied Movant's request for an extension and indicated that it would consider issues of timeliness if Movant subsequently filed a motion to vacate.  (Doc. 164.)

2

On June 22, 2018, Movant executed a motion to vacate alleging that he received the ineffective assistance of trial counsel because his counsel failed to challenge the validity of his prior conviction as a § 851 predicate (Ground One); failed to investigate relevant facts and research applicable law (Ground Two); misadvised Movant during the plea bargaining stage (Ground Three); and failed to ensure that the Court adhered to the Sentencing Guidelines (Ground Four). Respondent moved to dismiss the motion to vacate, contending that these claims are time-barred. (Doc. 167.)  Movant filed a motion seeking relief under the FSA (Doc. 168) before filing a Response to the motion to dismiss (Doc. 169).  Movant asserts that he is entitled to equitable tolling of the statute of limitations and that the Court should consider his FSA claims when resolving his motion to vacate.  (Doc. 169.)

## Law and Analysis

## I.    Movant's Ineffective Assistance of Counsel Claims are Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U. S. C. § 2255(f) provides:

A 1–year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

Movant's judgment of conviction became final on February 21, 2017, the day that the Supreme Court denied his petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (explaining that finality attaches when the Supreme Court affirms a conviction on direct review, denies a petition for a writ of certiorari, or when the time for filing a petition seeking a writ of certiorari expires). *See also United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) (explaining that the date that the Supreme Court enters an order denying certiorari determines finality, not the date a federal court of appeals receives and dockets the Supreme Court's order). Pursuant to § 2255(f)(1), the statute of limitations began running the next day, February 22, 2017, and it expired one year later, on February 22, 2018.

The Magistrate Judge cannot determine the exact date that Movant filed his motion to vacate. Pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72 (1988), a federal prisoner's pro se motion to vacate is ordinarily deemed filed on the date that it is submitted to prison officials for mailing to a court. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Movant does not, however, indicate when he placed his motion to vacate in the prison mailing system. (Doc. 165, at PAGE ID # 1042.) Nevertheless, Movant indicates that he executed his motion to vacate on June 22, 2018—four months after the statute of limitations had already expired. Thus, even if Movant had mailed his motion to vacate on the same day that he executed it, the motion is untimely. [1]

Although Movant does not contest this timeline, he contends that he is entitled to equitable tolling. "Equitable tolling allows courts to review time-barred habeas petitions provided that a

---

[1] It is not clear, however, if Movant actually mailed the motion to vacate at the same time that he executed it on June 22, 2018, because the envelope transmitting the motion to this Court is dated August 14, 2018. (Doc. 165, at PAGE ID # 1048.)

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)). [2] "[The] habeas petitioner must establish: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *Johnson v. United States*, 457 Fed. Appx. 462, 469 (6th Cir. 2012) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling is applied only sparingly. *United States v. Sferrazza*, 645 Fed Appx. 399, 408 (6th Cir. 2016) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

In this case, Movant does not allege, nor does the docket reflect, diligence. Movant apparently believed that he was entitled to relief under § 2255 as early as January 30, 2017. (Doc. 161.) At that time, Movant still had twenty-two days to execute a timely § 2255 motion. Instead of doing so, however, he sought an extension of time. Courts in the Sixth Circuit are not authorized, however, to enlarge the time for filing motions under § 2255. *United States v. Asakevich*, 810 F.3d 418, 419–20 (6th Cir. 2016); *Reed v. United States*, 13 Fed. Appx. 311, 313 (6th Cir. June 15, 2001). In addition, Movant acknowledges that on March 6, 2018, he received the Court's February 26, 2018, Order, which was mailed to him with a copy of the standard form for filing a motion to vacate. (Doc. 163.) Movant also had a writing instrument that he could have used to complete the standard form as early as March 15, 2018, as evidenced by the fact that he

---

[2] Equitable tolling is also available when a movant makes a credible claim of actual innocence on the basis of newly discovered evidence. *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Movant does not allege this basis for tolling.

executed a second extension request on that date.  (Doc. 163.)  Movant, however, failed to execute his motion to vacate until over three months later, on June 22, 2018.  (Doc. 165.)  Even assuming that Movant was unable to complete the standard form on March 15, 2018, because he did not possess his legal documents, he regained access to those documents on April 21, 2018.  (Doc. 169, at PAGE ID # 1061.)  But he executed his motion to vacate two months after that.  (Doc. 165.)  For that reasons, the Magistrate Judge concludes that Movant did not diligently pursue his rights.

The Magistrate Judge also concludes that Movant does not allege, nor does the docket reflect, that an extraordinary circumstance prevented him from filing his motion to vacate before June 22, 2018.  Movant asserts that he was prevented from timely filing because he was placed in a special housing unit in August of 2017, separated from his legal documents, transferred to another prison, and placed in special housing again before he was reunited with his documents on April 21, 2018.  (*Id*.)  Movant also refers to his limited English language skills, his lack of understanding of the law, and his reliance on "jailhouse lawyers."  (Doc. 169, at PAGE ID # 1060–61.)  Nevertheless, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, Case No. 17–1693, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough*, 259 Fed. App'x. 211, 213 (11th Cir. 2007) and *United States v. Fredette*, 191 Fed. App'x. 711, 713 (10th Cir. 2006)).  In addition, the Sixth Circuit Court of Appeals has held that rarely will segregation constitute an exceptional circumstance, and then only when it is combined with multiple other circumstances such as limited literacy, medical conditions, and transfers between facilities.  *See Jones v. United States*, 689 F.3d 621, 627–28 (6th Cir. 2012) (finding equitable

tolling for three months was warranted where the combination of ignorance, *pro se* status, limited literacy, a series of transfers between facilities that deprived the petitioner of his legal materials, and a variety of medical conditions including seizures constituted an extraordinary circumstance).

In this case, Movant does not adequately explain why his circumstances prevented him from timely filing his motion. Indeed, the fact that Movant sent this Court two extension requests— including one that was executed before the filing deadline expired— tends to suggest that he faced no insurmountable impediment that prevented him from transmitting filings to this Court prior to June 22, 2018. Movant could have submitted a "bare bones" motion to vacate listing his claims and later supplemented his pleading as necessary. Accordingly, the Magistrate Judge concludes that equitable tolling of the statute of limitations is not warranted for the ineffective assistance claims asserted in the motion to vacate, and that those claims should be **DENIED** as time-barred.

## II.    Movant's FSA Claims are Not Governed by § 2255 in This Case

In his motion brought under the FSA, Movant alleges that he is eligible for a sentence reduction pursuant to the retroactive application of Section 4 of the FSA, and he urges the Court to reduce his sentence. (Doc. 168.) Movant further contends that his FSA claim "could be, and should be, included with the § 2255 motion." (Doc. 169, at PAGE ID # 1061.)

The Magistrate Judge concludes that Movant's FSA claim constitutes a request for sentencing modification governed by 18 U.S.C. § 3582 (c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent expressly permitted by statute." *See United States v. Delaney,* Case No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582 (c)(1)(B)"); *United States v. Fountain*, Criminal Case No. 1:09-cr-00013-MR-WCM-9, 2019 WL

7

637715, at *2 (W.D.N.C. Feb. 14, 2019) (treating defendant's Motion for Amended Judgment under the FSA as a motion under 18 U.S.C. § 3582 (c)(1)(B)); *United States v. Copple,* Case No. 17-cr-40011-JPG-009, 2019 WL 486440, at *1 (S.D. Ill. Feb. 7, 2019) (construing First Step Act motion under 18 U.S.C. § 3582 (c)(1)(B)). Movant has also filed a separate FSA motion which remains pending. In these circumstances, the Magistrate Judge recommends that Movant's FSA claims be **DENIED without prejudice**. The Magistrate Judge expresses no opinion, however, as to whether Movant is eligible for relief under the FSA.

### Recommended Disposition

For all the foregoing reasons, this federal habeas action should be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("*R&R*"), that party may, within fourteen days of the date of this *R&R*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *R&R* will result in a waiver of the right to have the District Judge review the *R&R de novo*, and also operates as a waiver of the right to appeal the decision of the District Court Judge adopting the *Report and*

*Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date:  July 12, 2019                                   /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE