**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:13-cr-00021(2)** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **JAMES RUIZ-MONTES,** | : | |
| | : | |
| **Petitioner/Defendant.** | : | |

## ORDER

This matter comes before this Court on Petitioner/Defendant Jaime Ruiz-Montes's Petition for Extraordinary Writ of Error Corum Nobis (ECF No. 200) and his motion for leave to proceed *in forma pauperis* (ECF No. 201).  For the reasons set forth below, the motions are **DENIED**.

## I.      BACKGROUND

On November 5, 2013, following a jury trial, Mr.  Jaime Ruiz-Montes was convicted of one count of conspiracy to possess with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846; and one count of possession with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(1). (ECF No. 131).  On May 20, 2014, the Court sentenced Movant to a term of 240 months of imprisonment for each count to be served concurrently, followed by a 10-year term of supervised release for each count to be served concurrently. (*Id*.).  Mr.  Ruiz-Montes appealed his convictions, and the Sixth Circuit affirmed.  *United States v. Ruiz-Montes*, No. 14-3504, 2015 WL 5320349, at *3 (6th Cir. Sept. 10, 2015).  In 2024, Mr.  Ruiz-Montes filed a § 3582(c)(2) motion for a sentence reduction, arguing that Part A of Amendment 821 to the United States Sentencing Guidelines reduced his

applicable guidelines sentencing range. This Court denied the motion, and the Sixth Circuit affirmed on January 27, 2025.   (ECF No. 198).

On February 7, 2025, Defendant petitioned this Court for the issuance of an "Extraordinary Writ of Error Corum Nobis."  (ECF No. 200).   He also filed a motion for leave to proceed *in forma pauperis*, seeking to proceed without pre-payment of any costs associated with his petition for Extraordinary Writ of Error.  (ECF No. 201).   Defendant is currently serving his prison sentence at Fort Dix FCI and has a projected release date of April 13, 2029. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 9, 2025).

## II.    LAW AND ANALYSIS

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character e.g., errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001).   To be entitled to *coram nobis* relief, "the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.*  Additionally, "the writ of *coram nobis* is available only 'when a § 2255 motion is unavailable-generally, when the petitioner has served his sentence completely and thus is no longer in custody as required for § 2255 relief.'"  *Id.* (quoting *Blanton v. United States,* 94 F.3d 227, 231 (6th Cir.1996) (internal quotation marks omitted)).

As a prisoner in custody, Defendant is barred from seeking *coram nobis* relief.  *See Muhammad v. United States,* 76 Fed. Appx. 45, 46 (6th Cir. 2003) ("Although § 2255 relief is no longer available to him . . . [a]s a prisoner in custody, [Defendant] is barred from seeking a writ of error coram nobis."); *United States v. Butler,* 295 F.Supp.2d 816, 820 (S.D. Ohio 2003) (same).

Accordingly, the petition for a writ of error coram nobis is **DENIED**.  (ECF No. 200). And because he is not entitled to relief on the face of his petition, his motion to proceed in forma pauperis is likewise **DENIED**. (ECF No. 201).

     **IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  June 10, 2025**

3